NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SIGRID R. WILLIAMS, on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendant-Appellee.

No.  20-16455

D.C. No. 4:18-cv-00884-JSW

MEMORANDUM\*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 22, 2021
San Francisco, California

Before:  WATFORD and HURWITZ, Circuit Judges, and BAKER,\*\* International Trade Judge.

Sigrid Williams appeals from a summary judgment to Costco Wholesale

Corporation on her wage and hour claims under California law and the Fair Labor

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Standards Act (FLSA).  We affirm.

**1.**  Williams argues that Costco is liable as a client employer under California Labor Code § 2810.3 because the independent contractor staffing agencies (Nichols and Flair) that hired her provided workers to perform labor on Costco's premises.  However, the district court correctly concluded that Williams failed to raise a genuine issue for trial whether her work selling suppliers' products at road show events fell within Costco's "usual course of business."  Cal. Labor Code § 2810.3(a)(1)(A).

In support of its motion for summary judgment, Costco presented declarations showing that road shows are discrete events; account for no more than 0.5% of Costco's warehouse sales in California; and, most importantly, operate through a different economic model than Costco's other lines of business.  While most Costco products are purchased in bulk and re-sold to customers, road show merchandise is sold on consignment by sales representatives engaged by the supplier.  In response, Williams offered only the assertion that Costco's usual course of business is "demonstrating and selling merchandise to Costco customers" and evidence of other similar lawsuits brought against Costco.  She presented no evidence to dispute Costco's factual assertions and no evidence to suggest that, notwithstanding the distinctions identified by Costco, road shows are sufficiently similar to Costco's other selling activities to fall within its usual course of

business.

2.  Williams also contends that, although she was hired and paid by Nichols and Flair, Costco shares their liability for wage and hour violations as a joint employer under *Martinez v. Combs*, 231 P.3d 259 (Cal. 2010).  *Martinez* establishes three alternative definitions for determining whether an entity "employs" an individual.  The entity must (1) "exercise control" over the individual's "wages, hours, or working conditions"; (2) "suffer or permit" the individual to work; or (3) "engage" the individual, creating a common law employment relationship.  *Id.* at 278.  The district court concluded that Costco was not Williams's employer under any of these definitions.  On appeal, Williams challenges only the court's conclusions as to the first two definitions.

First, the district court correctly concluded that Costco did not control Williams's wages, hours, or working conditions.  The record shows that Nichols and Flair hired and paid Williams, scheduled her work on particular road shows, set the length of her shifts, trained her, and set her sales targets.  Williams does not contest these facts, instead pointing to other evidence of Costco's alleged control over her work, such as dress code guidelines, a policy requiring the booth to be staffed at all times, and an incident in which a Costco manager told her that she could not leave until the last customer had exited the store.  But Williams's evidence consists entirely of "activities in the areas of quality control and contract

compliance," and *Martinez* held such activities insufficient to establish that an entity is a joint employer. *Id.* at 286. The fact that Williams interacted directly with Costco staff without any Nichols or Flair managers present does not alone establish that Costco controlled Williams's work.

Second, the district court correctly concluded that Costco did not "suffer or permit" Williams to work. Williams argues that Costco employed her under this definition because it could stop her from working by barring her from a Costco warehouse. However, Nichols and Flair indisputably retained the exclusive contractual power to fire Williams, and her evidence does not raise a triable issue as to whether Costco had the practical authority to cause her to be fired. *Cf. Medina v. Equilon Enters., LLC*, 283 Cal. Rptr. 3d 868, 875 (Ct. App. 2021) (denying summary judgment because oil company staff told a service station operator's employee that they had the power to fire him and had fired others in the past). Williams's claim that Costco knew of and "permitted" the alleged wage and hour violations also fails because the suffer-or-permit test relates only to "responsibility for *the fact of employment itself*," not responsibility for causing the labor code violations. *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1030 (9th Cir. 2019).

**3.** The district court correctly concluded that the "ABC" test set forth in *Dynamex Operations West, Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), does

not apply to Williams's joint employment claims. *See Salazar*, 944 F.3d at 1032 ("[*Dynamex*] has no bearing here, because no party argues that Plaintiffs are independent contractors.").

**4.** Williams's briefs do not address the district court's dismissal of her FLSA claim. Accordingly, we deem any argument as to this claim waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

**AFFIRMED.**